UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

SOBIR ALIEV,

      Plaintiff,

    v.                                    19-CV-1156 (JLS)

UNITED STATES POSTAL SERVICE,

      Defendant.
───────────────────────────────

## DECISION AND ORDER

*Pro se* Plaintiff Sobir Aliev filed this action against the United States Postal Service ("USPS") on August 28, 2019. Dkt. 1. USPS moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Dkt. 10.

For the following reasons, Defendant's motion to dismiss is granted, and Plaintiff's complaint is dismissed without prejudice.

## BACKGROUND

Aliev alleges in his complaint that on August 9, 2018, he paid USPS $208.90 to ship a television to his wife. Dkt. 1, at 4. According to the receipt attached to his complaint, Aliev paid for Priority Mail International service to Uzbekhistan. Dkt. 1, at 8. The package weighed 40 pounds and eight ounces. Dkt. 1, at 8. This receipt indicated that the Priority Mail International service included $200 in insurance and an insurance notice reading: "Save this receipt as evidence of insurance. For information on filing an insurance claim go to

https://www.usps.com/help/claims.htm." Dkt. 1, at 7-8.  Aliev claims that approximately a year later, his wife had not received the television.  Dkt. 1, at 4.  Aliev seeks for his money to be returned—$208.90 for the postal fee and $696.99 as reimbursement for the television.  Dkt. 1, at 4.

On December 13, 2019, USPS moved to dismiss.  Dkts. 10, 11.  On February 19, 2020, this Court entered a scheduling order directing Aliev to respond to the motion to dismiss no later than March 6, 2020.  Dkt. 16.  This order provided that a failure to respond to the motion may result in dismissal of Plaintiff's complaint.  Dkt. 16.  To date, Aliev has not responded.

## DISCUSSION

I.   LEGAL STANDARDS

### A. Unopposed Motions

Where the Court is presented with an unopposed motion, "it may not find for the moving party without reviewing the record and determining whether there is sufficient basis for granting the motion."  *See Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 574-75 (W.D.N.Y. 2018).  Where there is a 12(b) motion that has not been opposed, the Court must review the merits of the motion and determine whether the movant has carried its burden.  *See Anderson v. Pedalty*, No. 14-CV-00192, 2015 WL 1735192, at *1 (W.D.N.Y. Apr. 16. 2015) (citing *Foster v. Phillips*, No. 03 CIV 3629 MBM DF, 2005 WL 2978686, at *3 (S.D.N.Y. Nov. 7, 2005)).  This Court is aware that *pro se* litigants generally are entitled to a liberal

construction of their pleadings, which should be interpreted to "raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

### b. Rule 12(b)(1) and 12(b)(6) Motions

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts that—if accepted as true—are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the complaint need not contain detailed factual allegations, "at a bare minimum the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Yang Zhao v. Keuka College*, 264 F. Supp. 3d 482, 490 (W.D.N.Y. 2017) (quoting *Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir. 2008)).

Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first. *See, e.g.*, *Capellupo v. Webster Cent. Sch. Dist.*, No. 13-CV-6481 EAW, 2014 WL 6974631, at *2 (W.D.N.Y. Dec. 9, 2014); *Frederick v. State*, 232 F. Supp. 3d 326, 331

(W.D.N.Y. 2017) ("A motion questioning the Court's subject matter jurisdiction must be considered before other challenges since the Court must have jurisdiction before it can properly determine the merits of a claim.").

## II. THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM

To the extent that Aliev's claim against USPS purports to be a common law tort claim, it must be brought under the Federal Tort Claims Act ("FTCA"). *See, e.g.*, *Morillo v. eBay*, 17-CV-4091 (MKB), 2017 WL 6622543, at *3 (E.D.N.Y. Dec. 28, 2017) (collecting cases). It is well-established that "suits against the United States Postal Service are suits against the United States." *See Lombardi v. United States*, No. 15-CV-1047-A, 2016 WL 1604492, at *1 (W.D.N.Y. Apr. 22, 2016) (citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484-85 (2006)). Under the principle of sovereign immunity, "it is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Gildor v. U.S. Postal Serv.*, 179 Fed. App'x 756, 758 (2d Cir. 2006) (quoting *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983)). Pursuant to the Postal Reorganization Act, the "FTCA" applies to tort claims arising out of activities of the Postal Service.[1] *See* 39 U.S.C. § 409(c). The FTCA provides a limited waiver of the federal government's sovereign immunity against certain tort claims arising out of the conduct of its employees. *See* 28 U.S.C. § 1346(b)(1); *Devlin v. U.S.*, 352 F.3d 525, 530 (2d Cir. 2003).

---

[1] Plaintiff's complaint did not cite any statutory basis for his action against USPS. However, the FTCA is the exclusive means for recovering damages against a federal agency for injury or loss of property resulting from negligence.

4

But Congress explicitly carved out exceptions to this waiver of sovereign immunity, including the "postal matter exception," which preserves sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Przespo v. U.S. Post Office*, 177 F. Supp. 3d 793, 796 (W.D.N.Y. 2016). According to the Supreme Court in *Dolan*, Congress enacted this exception with the intent to retain immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Przespo*, 177 F. Supp. 3d at 796 (citing *Dolan*, 546 U.S. at 489).

In this case, Aliev's claim is solely for the loss or failed delivery of a package. This claim falls squarely within the "postal matter exception" to the waiver of sovereign immunity. Accordingly, to the extent Aliev alleges USPS was negligent in delivering, handling, or failing to deliver his mail, any such claim is precluded by the postal matter exception and must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Irons v. U.S. Postal Serv.*, No. 12-CV-4508 (KAM), 2012 WL 4344318, at *2 (E.D.N.Y. Sept. 21, 2012).

Moreover, even in the absence of sovereign immunity, Aliev's complaint is also subject to dismissal for lack of subject matter jurisdiction for failure to exhaust administrative remedies as required under the FTCA. *See Thompson v. United States*, 795 Fed. App'x 15, 20 (2d Cir. 2019). This requirement is "jurisdictional and cannot be waived." *Przespo*, 117 F. Supp. 3d at 797; *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The receipt and other

attached documents to Aliev's complaint provide information regarding insurance coverage and filing claims for lost items. Dkt. 1, at 7-9. However, Aliev has not indicated that he initiated an inquiry or filed an administrative claim with USPS prior to initiating this action. Thus, the Court lacks subject matter jurisdiction on this ground as well and must dismiss the claim pursuant to Rule 12(b)(1).

Finally, to the extent Aliev's complaint contains a breach of contract claim,[2] such a claim, not barred by sovereign immunity, nevertheless fails on account of failure to exhaust administrative remedies. *See McBride v. U.S. Postal Serv.*, No. 07-CV-0446 (NG), 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007).

Claims against USPS for the value of the contents of lost mail are permitted to the extent USPS consents to be liable, as set forth in the postal laws and regulations. *See, e.g.*, *Kaplan v. U.S. Postal Serv.*, No. 08-CV-6145T, 2010 WL 4116789, at *2 (W.D.N.Y. Oct. 19, 2010). In this case, postal regulations set forth in the International Mail Manual, and incorporated by reference into the United States Code of Federal Regulations, govern the liability of the USPS for lost international mail. *Id.*; *see also Lam v. U.S. Postal Serv.*, No. 06-CV-0268 JG, 2006 WL 27929199, at *4 (E.D.N.Y. Sept. 25, 2006). But Aliev has not alleged that he has pursued the administrative avenues provided in these regulations and the manual, let alone pursued them within the appropriate timeframe, in order to recover for the loss he alleges. *See Djordjevic v. Postmaster General, U.S. Postal*

---

[2] Plaintiff's complaint does not specify whether his claims are tort or contract claims. Given that Plaintiff is proceeding *pro se*, this Court will interpret the complaint liberally and address both types of claims.

*Serv.*, 911 F. Supp. 72, 75 (E.D.N.Y. 1995) (granting dismissal without prejudice where the plaintiff had filed an initial inquiry but failed to complete the administrative process proscribed by USPS regulations).  Because Aliev has not pursued these remedies, and USPS has not conceded that Aliev's package was lost, the complaint must be dismissed pursuant to Rule 12(b)(1) for this reason too.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 10) is granted, and Plaintiff's complaint (Dkt. 1) is dismissed without prejudice.  The Clerk is directed to close the case.

SO ORDERED.

Dated:      April 23, 2020
               Buffalo, New York

                                               s/ John L. Sinatra, Jr.
                                               JOHN L. SINATRA, JR.
                                               UNITED STATES DISTRICT JUDGE